EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Omar González Rivera y otros <br> Recurrido <br><br> v. <br><br> Multiventas y Servicios, Inc. Y otros <br> Recurridos y Terceros Demandantes <br><br> v. <br><br> Autoridad de Carreteras y Transportación y otros <br> Peticionarios y Terceros Demandados | Certiorari <br><br> 2005 TSPR 149 <br><br> 165 DPR ____ |

Número del Caso: CC-2005-359

Fecha: 19 de octubre de 2005

Tribunal de Circuito de Apelaciones:

               Región Judicial de Caguas

Juez Ponente:

Panel integrado por su Presidente, la Juez Pesante Martínez y los Jueces Salas Soler y Escribano Medina.

Abogado de la Parte Peticionaria:

               Lcdo. Ricardo J. Cacho Rodríguez

Abogada de la Parte Recurrida:

               Lcda. Miriam González Olivencia

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Omar González Rivera y otros
    Recurrido

       v.                           CC-2005-359

Multiventas y Servicios, Inc.
y otros
    Recurridos y Terceros
    Demandantes

       v.

Autoridad de Carreteras y
Transportación y otros
    Peticionarios y Terceros
    Demandados

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 19 de octubre de 2005

Nos corresponde determinar si la Autoridad de Carreteras y Transportación, patrono asegurado por el Fondo de Seguro del Estado, responde vicariamente por los daños sufridos por un empleado en un accidente en el empleo a consecuencia de los actos negligentes de un coempleado; y en la alternativa, si responde por su propia negligencia como entidad dueña de la carretera donde ocurrió el accidente. Respondemos ambas cuestiones en la negativa.

I

El 5 de septiembre de 2000 el señor Omar González Rivera y otros presentaron demanda contra Multiventas y Servicios, Inc. (Multiventas), al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, para reclamar

daños y perjuicios sufridos por razón de un accidente en el curso del trabajo. El señor González Rivera alegó en la demanda que el 5 de septiembre de 1999 sufrió un accidente automovilístico, en la Carretera Núm. 30 Km. 105 en Gurabo, mientras realizaba labores a beneficio de su patrono, la Autoridad de Carreteras y Transportación (ACT o la Autoridad). Al momento del accidente el demandante viajaba en calidad de pasajero en un vehículo oficial de dicha entidad, que era conducido por el señor Candelaria Reyes Ocasio, otro empleado de la ACT. El vehículo fue impactado por su lateral izquierdo por otro vehículo propiedad de la codemandada Multiventas, el cual era manejado por el señor William Maldonado Rosado, un empleado de dicha compañía.

El 2 de enero de 2001 se enmendó la demanda para incluir a Seguros Triple S, Inc. (Triple S) como aseguradora de Multiventas. El 8 de mayo de 2001 Triple S presentó demanda de tercero contra la ACT, su aseguradora Puerto Rican American Insurance Co. (PRAICO), y el conductor del vehículo, señor Reyes Ocasio. Alegó Triple S en la demanda contra tercero que el accidente se debió a la negligencia del conductor quien fue el causante directo de los daños. En cuanto a la Autoridad se alegó que ésta debe responder vicariamente por la negligencia de su empleado; y en la alternativa, que la ACT era directamente responsable por su propia negligencia, por haber mantenido un área provisional de viraje sin tomar las debidas medidas de seguridad tales como letreros, rótulos o avisos que

advirtieran sobre las obras de construcción en la carretera.

Cabe destacar que la Policía de Puerto Rico levantó una querella sobre el accidente, en cuyo informe se le imputó negligencia y descuido al conductor del vehículo de la Autoridad, señor Reyes Ocasio.[1] También surge de la demanda contra tercero que el vehículo de Multiventas fue declarado pérdida total y PRAICO, aseguradora de la ACT, pagó a Multiventas veinte mil dólares ($20,000) en concepto de pérdida total y de uso.[2]

El 21 de junio de 2004, la ACT y su aseguradora PRAICO presentaron solicitud de sentencia sumaria para que el tribunal adjudicase a su favor. Alegaron como defensa afirmativa que la Autoridad era patrono protegido por la inmunidad patronal de la Ley de la Corporación del Fondo del Seguro del Estado (FSE). Incluyeron con su moción documentos acreditativos de que era patrono asegurado bajo el FSE; por cuanto el obrero demandante, señor González Rivera, claramente estaba impedido de reclamarle a su patrono por el accidente ocurrido, directa o indirectamente.[3] En resolución del 11 de octubre de 2004, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de sentencia sumaria. Basó su determinación en dos fundamentos, a saber: la alegación de negligencia en el

---

[1] Véase Apéndice del *Certiorari,* págs. 49 a 52.
[2] Véase Apéndice del *Certiorari,* a la pág. 29.
[3] Cabe destacar que el demandante se acogió a los beneficios del Fondo del Seguro del Estado por las lesiones causadas a consecuencia del accidente.

área de viraje y la responsabilidad vicaria de la Autoridad.

De dicha determinación la Autoridad y PRAICO acudieron al Tribunal de Apelaciones, tribunal que confirmó la resolución recurrida. Estimó el foro intermedio que existen varias controversias reales que impiden disponer del caso sumariamente. No conformes, acuden a nosotros en recurso de *certiorari* y nos plantean el siguiente error:

> Erró el Tribunal de Apelaciones al confirmar al Tribunal de Primera Instancia cuando se negó a desestimar la demanda de tercero incoada contra la Autoridad de Carreteras y Transportación y su aseguradora PRAICO, cuando esta parte goza de inmunidad patronal bajo la Ley que crea el Fondo del Seguro del Estado.

El pasado 24 de junio de 2005 emitimos una orden dirigida al recurrido para que mostrara causa de porqué no debíamos expedir el auto y revocar la sentencia recurrida. Éste compareció, por lo que estamos en posición de resolver y pasamos a así hacerlo.

## II

La codemandada y tercera demandante, Seguros Triple S, reconoce que ACT es patrono asegurado bajo el FSE. Sin embargo, señala que ACT y su aseguradora PRAICO no han sido traídas al pleito en calidad de patrono del empleado demandante, sino para que responda vicariamente por los actos negligentes del causante del accidente, su empleado el señor Candelaria Reyes Ocasio. En la alternativa, indicaron que ACT debe responder por su propia negligencia como entidad dueña de la carretera donde ocurrió el mismo.

Tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones han acogido los planteamientos de la recurrida. Erraron en así hacerlo. Veamos.

**A**

Mediante la aprobación de la Ley del Sistema de Compensaciones por Accidentes en el Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 *et seq.,* se crearon el Fondo del Seguro del Estado y la Comisión Industrial de Puerto Rico, con el propósito de asegurar al trabajador empleado una compensación justa y rápida por los daños sufridos a consecuencia de accidentes o enfermedades acaecidas en el desempeño de su trabajo. *Guzmán Cotto v. Estado Libre Asociado de Puerto Rico,* res. el 7 de mayo de 2002, 2002 T.S.P.R. 59, 156 D.P.R. \_\_\_\_. La aprobación de esta legislación surgió como resultado de mutuas concesiones entre los obreros, cuya fuerza era limitada, y los patronos quienes enfrentaban una intensa presión de parte de sus obreros. *Íbid*, citando a R. Elfrén Bernier, *La constitucionalidad de dar inmunidad al patrono estatutario cuando el contratista independiente se ha asegurado a través del Fondo del Seguro del Estado,* 53(1) Rev. Col. Abog. 53 (1992). La ley estableció un esquema de aportación patronal compulsoria a un fondo estatal de seguro, con el fin de compensar lesiones que provengan de cualquier acto o función del obrero, siempre que sean inherentes a su trabajo, o que ocurran en el curso de éste. *Martínez Rodríguez v. Bristol Myers,* 147 D.P.R. 383 (1999);

*Odriozola v. Superior Cosmetic Distributors Corp.,* 116 D.P.R. 485 (1985).

Conforme al esquema del FSE, el patrono asume el riesgo de la lesión, entendiéndose que su responsabilidad es absoluta. Siendo así, el empleado que se acoge al FSE por un accidente del trabajo no tendrá que probar que hubo negligencia de parte del patrono como causa de la lesión o enfermedad, por lo que es inmaterial que el accidente haya ocurrido a consecuencia de la negligencia del patrono, de un tercero, o hasta del propio empleado. *Guzmán Cotto v. Estado Libre Asociado de Puerto Rico, supra.* Es decir, el empleado recibe compensación independientemente de quién sea responsable por el accidente. La legislación evita que el empleado tenga que enfrentar las dificultades de una reclamación civil ante los tribunales, donde tendría que probar el elemento de culpa o negligencia. *Íbid.* A cambio de esta protección, el patrono asegurado recibe inmunidad contra cualquier reclamación civil en daños y perjuicios que pueda entablar el empleado lesionado en su contra. *Íbid.*

Sin embargo, un empleado lesionado, que esté impedido de demandar a su patrono por éste gozar de inmunidad patronal, tiene a su haber una causa de acción en daños y perjuicios contra el tercero responsable del daño. Así lo reconoce el Artículo 29 de la Ley del Sistema de Compensaciones por Accidentes de Trabajo, 11 L.P.R.A. sec. 32. En ausencia de una expresión legislativa al respecto,

definimos al 'tercero' como la "persona extraña, ajena y separada de la interacción jurídica que relaciona al patrono . . . con el Fondo del Seguro del Estado en la obligación legal común de asegurar sus obreros y empleados a tenor de lo dispuesto en la Ley de Compensaciones por Accidentes de Trabajo". *Lugo Sánchez v. A.F.F.,* 105 D.P.R. 861, 866-867 (1977). Véase también *López Rodríguez v. Delama,* 102 D.P.R. 254 (1974).

Posteriormente, extendimos el alcance de la inmunidad patronal a su aseguradora. Ausente una causa de acción contra el patrono, no procede que responda su aseguradora por una reclamación que en derecho es improcedente. No puede extenderse el contrato de seguros a cubrir una responsabilidad que no se le reconoce al asegurado. Véase *Admor, FSE v. Flores Hermanos Cement Products, Inc.,* 107 D.P.R. 789 (1978).

Es vasta la jurisprudencia de este Tribunal que destaca el carácter absoluto de la inmunidad patronal. Ni siquiera la negligencia crasa de parte del patrono quiebra esta inmunidad, y es el remedio provisto por el Fondo el único remedio disponible para el empleado lesionado. *Guzmán Cotto v. Estado Libre Asociado de Puerto Rico, supra; Hernández Sánchez v. Bermúdez & Longo, S.E.,* 149 D.P.R. 543 (1999); *Admor, FSE v. Flores Hermanos Cement Products, Inc., supra.* No obstante, por excepción, la inmunidad patronal no aplica en aquellas situaciones en las que el daño sufrido por el obrero se deba a un acto

intencional o discriminatorio de parte del patrono. Ante este tipo de actuación del patrono se le reconoce al empleado afectado una causa de acción para reclamarle a su patrono civilmente. *Odriozola v. Superior Cosmetic Distributors Corp. supra; Hernández Sánchez v. Bermúdez & Longo, S.E., supra.*

La exclusividad del remedio del FSE en las reclamaciones de accidentes en el trabajo, hace improcedente en derecho una demanda de tercero contra el patrono. El patrono no le es responsable al obrero por los daños causados, por cuanto no se configura la relación de solidaridad entre el 'tercero' y el patrono. Así, en *Cortijo Walter v. A. F. F.,* 91 D.P.R. 574, 581 (1964), nos expresamos en contra de permitir una demanda de tercero contra el patrono, pues estimamos que "[s]ería traer a consideración la negligencia del patrono por la puerta trasera de una demanda de tercero, y hacerlo responsable en daños por tal negligencia." No puede permitirse indirectamente, por vía de tercero, lo que está impedido en una acción directa. *Íbid.* En consecuencia, cuando el accidente en el trabajo se debe a la negligencia conjunta del patrono y un tercero, a este último se le impone la obligación de resarcir el daño sólo en proporción a su propia culpa, y al grado en el que colaboró en producir el resultado dañoso. *Viuda de Andino v. A. F. F.,* 93 D.P.R. 170 (1966).

De otro lado, la doctrina vigente dispone que los coempleados cuyos actos negligentes o torticeros hayan sido la causa del accidente responden en su carácter personal al amparo del Artículo 1802. No obstante, la inmunidad del patrono se extiende a los coempleados --oficiales, supervisores, agentes, o compañeros empleados-- cuando sus actos negligentes y torticeros hayan surgido en el desempeño de los deberes generales de su empleo. Véanse *Rivera Santana v. Superior Packaging Inc.,* 132 D.P.R. 115 (1992); *Guzmán Acevedo v. De Jesús Rivera,* res. el 16 de octubre de 2001, 2001 T.S.P.R. 135, 155 D.P.R. \_\_\_\_\_; *Guzmán Cotto v. Estado Libre Asociado de Puerto Rico, supra.* Lo contrario sería exigir al coempleado la obligación de cubrir un deber que ya ha sido debidamente compensado por el FSE. Hemos sido enfáticos en que el propósito del esquema del Fondo de Seguro del Estado no fue el de transferir de un empleado a otro la responsabilidad por un accidente de trabajo. *Guzmán Acevedo v. De Jesús Rivera, supra,* a la pág. 5; *Guzmán Cotto v. Estado Libre Asociado de Puerto Rico, supra.*

Conforme la discusión que antecede, indirectamente hemos rehusado responsabilizar vicariamente[4] al patrono por los actos negligentes de sus empleados, cuando éstos han

---

[4] En virtud del Artículo 1803 del Código Civil, 31 L.P.R.A. sec. 5142, un patrono responde vicariamente de los actos de sus empleados dentro de las funciones y en cumplimiento de las obligaciones regulares del empleo. *Santiago v. Pueblo Supermarket,* 88 D.P.R. 229 (1963). El criterio a ser utilizado en casos de relación patrono-empleado es si el empleado actuó en beneficio del patrono. *Martínez v. Comunidad M. Fajardo,* 90 D.P.R. 461 (1964).

surgido en el descargo de los deberes de sus respectivos puestos. Así, en *Admor, FSE v. Flores Hermanos Cement Products, Inc., supra,* resolvimos que el Municipio de Mayagüez, patrono asegurado por el FSE, no podía ser demandado por el obrero lesionado, ni directa ni indirectamente, aun ante la negligencia del chofer municipal en ocasión del accidente automovilístico. Igualmente resolvimos en *Guzmán Acevedo v. De Jesús Rivera, supra,* donde expresamos que el demandante estaba impedido de demandar, directa o indirectamente, en daños y perjuicios a su patrono, el Municipio de Bayamón; independientemente que el conductor del vehículo municipal hubiese incurrido en actos negligentes que fueran la causa del accidente.

Ambos casos trataban de accidentes automovilísticos en el trabajo causados por la negligencia de un compañero empleado que conducía el vehículo accidentado. En ambas ocasiones, enfáticamente, nos expresamos sobre la inexistencia de la causa de acción contra el patrono asegurado. Hoy reiteramos ese principio al resolver que un patrono asegurado bajo la Ley del Sistema de Compensaciones por Accidentes en el Trabajo no responde vicariamente por los actos negligentes de un empleado cuando dichos actos ocurren en función de su empleo. Habiéndose extendido al coempleado negligente la inmunidad del patrono asegurado, por surgir su negligencia en el curso del empleo; no

resulta lógico que un patrono inmune responda vicariamente por un empleado que es igualmente inmune.

**B**

Como mencionáramos, la inmunidad patronal es casi absoluta. Se reconocen contadísimas excepciones, siendo una de éstas aquellas situaciones en las que se trata de actos intencionales o discriminatorios del patrono. En *Laureano Pérez v. Soto,* 141 D.P.R. 77 (1996)*,* reconocimos una segunda excepción a la inmunidad patronal al adoptar en nuestra  jurisdicción la doctrina de la doble personalidad del patrono. Esta doctrina adelanta que un patrono puede ser 'tercero' a los efectos de la Ley del Sistema de Compensaciones por Accidentes de Trabajo siempre y cuando posea una segunda personalidad, totalmente independiente de la que ostenta como patrono. *Íbid*. Según comenta el Profesor Larson, se trata de una cuestión de identidad donde es necesario que el patrono posea una personalidad jurídica separada. A. Larson, *Workmen's Compensation for Occupational Injuries and Death,* Vol. 2, Matthew Bender, New York, 1989, sec. 72.81. Precisamente, en *Laureano, supra,* reconocimos que el patrono, como tutor de un incapacitado mental, tenía una segunda personalidad jurídica, independiente a la de patrono, que justificaba que fuera considerado 'tercero' para propósitos de la Ley del Sistema de Compensación de Accidentes.

Un análisis de la jurisprudencia federal y de las jurisdicciones estatales en Estados Unidos demuestra que la

doctrina de la doble personalidad ha caído en desuso, y que la mayoría de las categorías de personalidad doble alegadas han sido rechazadas por los tribunales.[5] Casi unánimemente se ha denegado el reclamo que el patrono debe responder bajo la doctrina de la doble personalidad, como dueño del terreno donde ocurrió el accidente de empleo. Principalmente, se utiliza el fundamento que la mera titularidad de la tierra no otorga a una persona una segunda personalidad jurídica. Además, Larson destaca la siguiente consideración práctica:

> An employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles.

A. Larson, *supra, sec. 72.82.*

De este modo, cuando el empleado haya experimentado un daño a consecuencia de su función de empleo, debe considerarse que, aun siendo el patrono dueño de la propiedad, la relación patrono-empleado es la relación dominante entre las partes al momento del accidente. Véanse *Holzworth v. Fuller,* 448 A.2d 394 (N.H. 1982), (El tribunal rechazó que existiera una distinción entre el deber del patrono de mantener un ambiente seguro de

---

[5] La doctrina ha tenido mayor aceptación en casos de reclamaciones sobre productos defectuosos, cuando el accidente se relaciona a productos manufacturados por el patrono para la venta al público en general. A. Larson, *Workmen's Compensation for Occupational Injuries and Death,* Vol. 2, Matthew Bender, New York, 1989, sec. 72.81.

trabajo, y su deber como propietario del establo donde ocurrió el accidente, de avisar al público del peligro potencial de los caballos.); *State v. Purdy,* 601 P.2d 258 (Alaska 1979), (El empleado reclamó a su patrono, el Estado de Alaska, bajo la doctrina de doble personalidad, como dueño de la carretera donde ocurrió el accidente, por no haber mantenido la misma en las debidas condiciones. El Tribunal Supremo de Alaska declinó aplicar la doctrina.); *Sharp v. Gallagher,* 447 N.E.2d 786 (Ill. 1983), (El hecho que el patrono sea también el propietario de la tierra no le proporciona una identidad jurídica separada a los efectos de activar la excepción de la doctrina de la doble personalidad.); *Jackson v. Gibson,* 409 N.E.2d 1236 (Ind. App. 1980). (Tribunal rechazó imponer responsabilidad al presidente y único accionista del patrono en su capacidad de dueño de la tierra.); *Kottis v. United States Steel Corp.,* 543 F.2d 22 (7th Cir. 1976), (El tribunal reiteró la exclusividad del remedio, confirmando así al tribunal estatal. Sólo de no haber sido el patrono el dueño de la propiedad, hubiera tenido la demandante una causa de acción en su contra por éste no haber ejercido las debidas precauciones en proveer un establecimiento seguro.)[6]

---

[6] Véanse además, *Walter v. Berkshire Foods, Inc.,* 354 N.E.2d 626 (Ill. App. 1976); *Jansen v. Harmon,* 164 N.W.2d 323 (Iowa 1969)*., Swichtenberg v. Brimer,* 828 P.2d 1218 (Ariz. App. 1991); *Minsky v. Baitelman,* 120 N.Y.S.2d 86 (N.Y. App. 1953); *Billy v. Consolidated Mach. Tool Corp.,* 412 N.E.2d 934 (N.Y. 1980); *Gore v. Amoco Production Co.,* 616 S.W.2d 289 (Tex. Civ. App. 1981); *Holt v. Preload Technology, Inc.,* 774 S.W.2d 806 (Tex. App. 1989); *Vaughn v. Jernigan,* 242 S.E.2d 482 (Ga. App. 1978).

Nos parece acertado el comentario de Larson en cuanto a la aplicación de la doctrina en las distintas jurisdicciones de los Estados Unidos. Nos indica que:

> [A] few courts have stretched the doctrine so far as to destroy employer immunity whenever there was, not a separate legal person, but merely a separate relationship or theory of liability. When one considers how many such added relations an employer might have in the course of a day's work --as landowner, land occupiers, products manufacturer, installer, modifier, vendor, bailor, repairman, vehicle owner, shipowner, self-insurer, safety inspector-- it is plain to see that this trend could go a long way toward demolishing the exclusive remedy principle.

A. Larson, *supra,* sec. 72.81.

En conclusión, resolvemos que la mera titularidad sobre la propiedad donde ocurrió el accidente no enviste al patrono, la Autoridad de Carreteras con una personalidad alterna y separada a la de patrono. No puede crearse una personalidad jurídica separada cuando ambas están estrechamente entrelazadas la una con la otra. En el caso de patronos que son además dueños de la propiedad donde ocurre el accidente de empleo, mantener el lugar en óptimas condiciones y garantizar la seguridad --tanto a sus empleados como al público general-- constituye una función inherente al manejo de su negocio. No se configura una personalidad lo suficientemente separada de la de patrono, que justifique reconocer una excepción a la inmunidad patronal, por vía de la doctrina de la doble personalidad. Esta doctrina debe interpretarse restrictivamente y debe limitarse exclusivamente a aquellas situaciones en las que claramente surja una dualidad de personas jurídicas de

manera que no quepa lugar a duda que se justifica caracterizar al patrono como un tercero responsable, tal y como sucedió en *Laureano, supra.*

### III

Por otra parte, la Regla 36 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap.III R.36, es el mecanismo procesal que permite a los litigantes solicitar al tribunal que dicte sentencia a su favor sin la necesidad de celebrar una vista evidenciaria del caso en su fondo. *Medina v. M.S.& D. Química P.R., Inc.,* 135 D.P.R. 716 (1994). Para que proceda una sentencia sumaria la parte que la solicita debe demostrar que de las alegaciones, deposiciones, contestaciones a interrogatorios, y admisiones ofrecidas surge que no existe controversia real sustancial en cuanto a ningún hecho medular; y que como cuestión de derecho procede que se dicte sentencia a su favor. *Jusino Figueroa v. Walgreens of San Patricio, Inc.,* res. el 1 de noviembre de 2001, 2001 T.S.P.R. 150, 155 D.P.R. ____; *Vera Morales v. Bravo Colón,* res. el 27 de febrero de 2004, 2004 T.S.P.R. 30, 161 D.P.R. ____. Al adjudicar una sentencia sumaria el tribunal analizará los documentos presentados por las partes en sus respectivas mociones, así como todo documento admisible en evidencia que obre en el expediente. *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272 (1990).

La sentencia sumaria se caracteriza como un remedio discrecional extraordinario que sólo debe concederse cuando

el tribunal tenga ante sí todos los hechos pertinentes y surja claramente de los documentos la existencia de un derecho. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881 (1994). Asimismo, hemos destacado que se trata de un mecanismo que debe ser utilizado con cautela, ya que una controversia mal adjudicada sumariamente tiene el efecto de privar al litigante de su día en corte. *Roig Commercial Bank v. Rosario Cirino,* 126 D.P.R. 613 (1990). Cualquier duda sobre la existencia de una controversia real acerca de los hechos medulares del caso deberá resolverse contra la parte que solicita la sentencia sumaria. *Cuadrado Lugo v. Santiago Rodríguez, supra.*

Al considerar una sentencia sumaria el tribunal no dirime credibilidad, sino que deberá presumir como ciertos todos los hechos no controvertidos que surjan de los documentos presentados y demás evidencia admisible. Una vez controvertido algún hecho material en la controversia, es la obligación del tribunal denegar la sentencia sumaria y proceder con el juicio plenario. *Luan Investment Corp. v. Rexach Construction Co., Inc.,* 152 D.P.R. 652 (2000); *Licari v. Dorna,* 148 D.P.R. 453 (1964). Un tribunal no debe dictar sentencia sumaria cuando los hechos materiales y esenciales han sido controvertidos; quedan alegaciones afirmativas en la demanda sin refutar; resalta una controversia sobre un hecho esencial de los documentos que acompañan la moción; y como cuestión de derecho no procede la misma. *Vera Morales v. Bravo Colón, supra.*

**IV**

A la luz del derecho que antecede, analicemos los hechos del presente caso.

El señor González Rivera, empleado de la Autoridad de Carreteras y Transportación, instó demanda contra Multiventas, el alegado tercero responsable, y su aseguradora Triple S, por lesiones ocurridas a consecuencia de un accidente de trabajo. El accidente en cuestión es un accidente automovilístico que tuvo lugar en una carretera, donde la Autoridad llevaba a cabo trabajos de reparación. El vehículo accidentado donde viajaba el demandante, propiedad de la ACT, iba conducido por un compañero empleado, el señor Reyes Ocasio. Se ha alegado que éste último incurrió en negligencia.

Sin lugar a dudas, la Autoridad es patrono asegurado por el Fondo de Seguro del Estado, por cuanto el señor González Rivera está impedido de reclamarle en daños, ya sea directa o indirectamente mediante una demanda contra tercero. La inmunidad de la ACT se extiende al empleado conductor, señor Reyes Ocasio, quien al momento del accidente se encontraba en el descargo de las funciones de su empleo. En consecuencia, no responde la ACT vicariamente por los actos negligentes de su empleado, el señor Reyes Ocasio.

De otro lado, tampoco reconocemos que surjan en este caso circunstancias que justifiquen la aplicación de la doctrina de la doble personalidad del patrono. La función

de patrono está tan estrechamente entrecruzada con la de dueña de la carretera que es imposible desmembrar la una de la otra. La Ley de la Autoridad de Carreteras y Transportación de Puerto Rico, Ley Núm. 74 de junio 23 de 1965, según enmendada, 15 L.P.R.A. 2001 *et seq.,* creó la Autoridad de Carreteras con la principal función de mantener en buen estado las vías de rodaje del Estado Libre Asociado de Puerto Rico y procurar la seguridad en las mismas; pertenezcan éstas a la propia Autoridad o al Estado Libre Asociado. Artículo 1 de la Ley Núm. 74, 15 L.P.R.A. sec. 2002. Para lograr ese objetivo, la Autoridad es patrono de miles de empleados quienes tienen a su cargo, entre otras funciones, garantizar la seguridad en la propiedad de la Autoridad, así como la del Estado Libre Asociado. La ACT no ostenta una personalidad jurídica separada e independiente a la de ser patrono, por el mero hecho de ser dueña de la carretera donde ocurrió el accidente, o por ser la entidad a la que el gobierno ha investido el poder general de mantener seguras las carreteras del país. Es altamente intricado, sino imposible, deslindar una personalidad de la otra.

Ausente una controversia real sustancial en cuanto a la improcedencia de la demanda contra tercero instada contra la ACT y su aseguradora, procede en derecho adjudicar la sentencia sumaria que solicitaran los terceros demandados, y desestimar en su totalidad la demanda en su contra. Por último, resaltamos que, según resolvimos en

*Viuda de Andino v. A. F. F.,* por no haber solidaridad en la reclamación, de probarse la responsabilidad del tercero, Multipisos, éste responde por el daño sólo en proporción a su propia culpa.

**V**

Por los fundamentos antes expuestos se expide el auto solicitado y se revoca la sentencia del Tribunal de Apelaciones. Se desestima la demanda contra tercero instada contra la Autoridad de Carreteras, y su aseguradora Puerto Rican American Insurance Co. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Se dictará la correspondiente sentencia.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Omar González Rivera y otros
        Recurrido

            v.                              CC-2005-359

Multiventas y Servicios, Inc.
y otros
        Recurridos y Terceros
        Demandantes

            v.

Autoridad de Carreteras y
Transportación y otros
        Peticionarios y Terceros
        Demandados


                         SENTENCIA


San Juan, Puerto Rico, a 19 de octubre de 2005

        Por los fundamentos antes expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se expide el auto solicitado y se revoca la sentencia del Tribunal de Apelaciones. Se desestima la demanda contra tercero instada contra la Autoridad de Carreteras, y su aseguradora Puerto Rican American Insurance Co. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Fiol Matta no intervinieron.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo