Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ORLANDO IRIZARRY DOMENECH<br><br>DEMANDANTE/RECURRIDO<br><br>V.<br><br>AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y OTROS<br><br>DEMANDADOS Y DEMANDANTES CONTRA TERCEROS/RECURRIDOS<br><br>V.<br><br>**OFICINA ADMINISTRACIÓN DE LOS TRIBUNALES Y OTROS**<br><br>TERCERA DEMANDADO/ PETICIONARIOS | TA2025CE00831 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm. AR2024CV01906<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 20 de enero de 2026.

## I.

El 30 de noviembre de 2025, la Oficina de Administración de Tribunales (OAT o peticionaria) presentó un recurso de *Certiorari* en el que nos solicitó que revoquemos la *Resolución* interlocutoria emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario) el 29 de octubre de 2025, notificada y archivada digitalmente en autos el mismo día.[1] Mediante dicho dictamen, el TPI pospuso la adjudicación de la *Solicitud de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil* presentada por la OAT sobre la

---

[1] Véase entrada núm. 67 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

*Demanda contra Terceros* hasta tanto resolviera una controversia de interpretación de contrato.

El 5 de diciembre de 2025, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 10 de diciembre de 2025 para exponer su posición sobre los méritos del recurso.[2]

Transcurrido el término concedido a la parte recurrida para exponer su posición, sin que lo hiciera, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari.*

**II.**

El caso de marras tuvo su génesis el 1 de octubre de 2024, cuando el señor Orlando Irizarry Domenech (señor Irizarry Domenech o demandante) presentó una *Demanda* sobre daños y perjuicios en contra de la Autoridad de Edificios Públicos (AEP) y su aseguradora Mapfre Praico Insurance Company (Mapfre) (en conjunto, parte recurrida).[3] En síntesis, alegó que el 15 de diciembre de 2021, sufrió una caída tras resbalar en una escalera ubicada en el patio interior de uno de los edificios que componen el TPI de Arecibo, lugar en donde laboraba como técnico de sistema de computadora y apoyo a clientes, para la OAT. Indicó que, ese día había llovido y los escalones estaban mojados. Expuso que el referido patio interior del edificio está desprovisto de techo y que, cuando llueve, los escalones se mojan con el agua de lluvia, tornando la misma resbaladiza y peligrosa. Señaló que, tras la caída, experimentó dolores severos y presentaba una laceración en el brazo izquierdo. Por ello, al tratarse de un accidente laboral, acudió a la Oficina de la Corporación del Fondo del Seguro del Estado (CFSE) en Aguadilla en donde le proveyeron servicios médicos.

Así las cosas, manifestó que le reclamó extrajudicialmente a la AEP y a Mapfre una compensación económica por los daños sufridos

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.

por la caída, la cual resultó irrazonable por lo cual instó la *Demanda* de autos. Según las alegaciones de la demanda, para la fecha del accidente, la AEP era dueña y ejercía control y dominio de la escalera que provocó la caída del señor Irizarry Domenech. Arguyó que, el peligro se incrementó porque la AEP no tenía colocadas ligas o antideslizantes en las huellas de los escalones para evitar o mitigar los resbalones. Ante ello, sostuvo que el accidente resultó debido a la negligencia de la parte recurrida.

El 27 de diciembre de 2024, la parte recurrida presentó una contestación a la demanda.[4] En síntesis, negó que el edificio en cuestión estuviese bajo el cuidado, control y dominio de la AEP, aun cuando aceptó ser titular del mismo. Asimismo, alegó afirmativamente que la responsabilidad y/o negligencia es atribuible al señor Irizarry Domenech o a terceros en el pleito.

Tras varios trámites procesales, el 26 de febrero de 2025, la parte recurrida presentó una *Moción solicitando desestimación*, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[5] En síntesis, alegó que el TPI de Arecibo, edificio en donde ocurrió la caída, no está bajo su cuidado, control y custodia ni está en la obligación de darle mantenimiento por la existencia del Contrato de Arrendamiento suscrito el 21 de mayo de 2024 sobre dicho lugar, entre la OAT y la AEP. Señaló, que la cláusula tercera de dicho contrato describe las obligaciones de la arrendadora respecto a proveer mantenimiento y servicios a las áreas arrendadas.

El 13 de marzo de 2025, el señor Irizarry Domenech presentó una *Oposición a Moción solicitando Desestimación.*[6] Este arguyó que la obligación de la OAT de proveer mantenimiento según el contrato de arrendamiento no libera a la AEP de sus obligaciones y

---

[4] Íd., entrada núm. 13 en SUMAC-TPI.
[5] Íd., entrada núm. 24 en SUMAC-TPI.
[6] Íd., entrada núm. 26 en SUMAC-TPI.

responsabilidades como dueña del edificio. Alegó que la caída no fue provocada por falta de mantenimiento de la OAT sino por la peligrosidad de la escalera y que la AEP conocía desde antes de otorgarse el referido contrato. Alegó que, a pesar de conocer el referido peligro, no lo corrigió.

El 27 de marzo de 2025, la parte recurrida presentó una *Moción en Cumplimiento de Orden Réplica a Moción en Oposición a Solicitud de Desestimación.*[7] En esta, sostuvo que existe controversia sobre en quién recae la responsabilidad de la causa de la caída, si en el señor Irizarry Domenech o en un tercero con relación y/o nexo causal con el accidente. Además, reiteró que la AEP no tenía obligación de cuidar, mantener o limpiar el lugar en que ocurrió el accidente y que existe un contrato válido en el cual se establecen los términos y condiciones de las partes que rigen su relación.

El 10 de abril de 2025, el señor Irizarry Domenech presentó una *Dúplica a Réplica a Moción en Oposición a Solicitud de Desestimación* en la que reiteró su solicitud para que se denegara la solicitud de desestimación.[8]

El 24 de abril de 2025, el foro primario emitió una *Resolución y Orden* en la que declaró No Ha Lugar la solicitud de desestimación presentada por la parte recurrida y ordenó a esta última a acumular al pleito a la OAT.[9] En síntesis, resolvió que, conforme al contrato de arrendamiento entre la AEP y OAT, la AEP quedó relevada de proveer los servicios descritos en los incisos 1 al 5 de la cláusula tercera sobre limpieza y mantenimiento de áreas, dado que fueron asumidos por la OAT de proveerlos a su costo. No obstante, aludió a que dicha cláusula no hace referencia específica a obligaciones relacionadas con la

---

[7] Íd., entrada núm. 36 en SUMAC-TPI.
[8] Íd., entrada núm. 38 en SUMAC-TPI.
[9] Íd., entrada núm. 40 en SUMAC-TPI.

instalación y mantenimiento de cintas antideslizantes en las escaleras del mencionado edificio.

El TPI determinó que existe una controversia de interpretación de las responsabilidades de la AEP y la OAT a la luz del Contrato de Arrendamiento. En particular, entendió que concluir que entre las obligaciones de la OAT se encuentra implícita instalar y mantener cintas antideslizantes en las escaleras, requiere, en ausencia de una disposición contractual clara y específica en el contrato, determinar la intención de las partes. Por ello, ordenó la acumulación al pleito de la OAT.

Consecuentemente, el 29 de abril de 2025, la parte recurrida presentó una *Demanda contra Terceros* en contra de la OAT.[10] En síntesis, alegó que el lugar en que ocurrió el accidente alegado por el señor Irizarry Domenech está bajo el cuidado, custodia y obligación de la OAT. Adujo que conforme al contrato de arrendamiento entre la AEP y OAT, la responsabilidad por el mantenimiento, limpieza, cuidado del área donde ocurrió el accidente y de surgir un daño a tercero, recae en la OAT. Por ello, sostuvo que, de encontrarse responsable a la AEP, se determine que la OAT le responde al demandante por la totalidad o parte de los daños probados.

El 8 de agosto de 2025, la OAT presentó una *Solicitud de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil.*[11] En síntesis, alegó que la *Demanda contra Terceros* carece de causa de acción en su contra dado que le cobija la inmunidad estatutaria que confiere la *Ley de Sistema de Compensaciones por Accidentes del Trabajo,* Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 LPRA sec. 1 *et seq.* (Ley Núm. 45). Argumentó que el señor Irizarry Domenech, como empleado de OAT, ya se benefició del remedio exclusivo de tratamiento y compensaciones que obtuvo de la

---

[10] Íd., entrada núm. 41 en SUMAC-TPI.
[11] Íd., entrada núm. 61 en SUMAC-TPI.

Corporación del Fondo del Seguro del Estado (CFSE), razón por la cual no incluyó a OAT en el pleito. Además, arguyó que no es responsable de la condición estructural de la escalera.

El 27 de agosto de 2025, el señor Irrizarry Domenech presentó su postura respecto a la solicitud de desestimación presentada por la OAT. [12] En esta, señaló que no le ha imputado negligencia o responsabilidad alguna a la OAT, sino que demandó exclusivamente a la AEP por ser dueña y ejercer dominio de la escalera que provocó su caída.

El 29 de octubre de 2025, el TPI emitió una *Resolución*,[13] en la que razanó que debía abstenerse de adjudicar la solicitud de desestimación presentada por la OAT porque se había trabado una controversia relacionada con la intención de las partes contratantes, AEP y OAT, con respecto a la responsabilidad de tomar medidas cautelares durante eventos de lluvia, instalación y mantenimiento de cintas antideslizantes en las escaleras en donde ocurrió la caída. Determinó que la comparecencia de la OAT es esencial para conceder un remedio completo al señor Irrizarry Domenech y a la AEP. Esto, independientemente de que la OAT resulte responsable o se le exima bajo doctrina la inmunidad patronal. Por lo cual, el TPI pospuso la adjudicación de la solicitud de desestimación, hasta resolver la controversia sobre la interpretación del contrato de arrendamiento entre la AEP y OAT y su alcance en cuanto a la responsabilidad de las partes en tomar medidas cautelares sobre el edificio. En consecuencia, ordenó la bifurcación de las controversias del pleito mediante la apertura de un descubrimiento de prueba enfocado en la interpretación del contrato de arrendamiento.

---

[12] Íd., entrada núm. 64 en SUMAC-TPI.
[13] Íd., entrada núm. 67 en SUMAC-TPI.

Inconforme con la determinación, el 30 de noviembre de 2025, la OAT presentó el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

**Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al negarse a desestimar la demanda contra tercero en la cual se trae a OAT al pleito en el que su empleado reclama lesiones por caída ocurrida en el curso de su empleo, por la cual recibió tratamiento a través del Fondo del Seguro del Estado, lo cual tiene la consecuencia de despojar a OAT de la inmunidad absoluta que le confiere su carácter de patrono estatutario a la luz de la Ley 45 del 18 de abril de 1935, según enmendada, conocida como "Ley de Sistema de Compensaciones por Accidentes del Trabajo" 11 LPRA § 1 *et seq.*,**

**Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al negarse al negarse a desestimar la demanda contra tercero en la cual se trae a OAT al pleito en el que su empleado reclama lesiones por caída ocurrida en el curso de su empleo so pena de que se hace necesario descubrimiento de prueba para aclarar la relación contractual entre el dueño del predio y el patrono del obrero lesionado, cuando las alegaciones del demandante claramente van dirigidas a AEP como dueño del predio, por condiciones estructurales de las escaleras que ocasionan la caída del demandante.**

La OAT alegó que el foro primario erró al dar paso a una demanda contra tercero en contra de un patrono asegurado por la CFSE. Argumentó que la inmunidad estatutaria impide no solo las reclamaciones del obrero en daños y perjuicios, sino también las demandas contra terceros en las que se pretenda imputar contribución del patrono en el daño. Por ello, adujo que la *Resolución* recurrida valida una demanda carente de causa de acción, por disposición de ley. Asimismo, sostuvo que, la interpretación de las partes sobre las cláusulas del contrato no permite derogar, por *fiat* judicial, la inmunidad de la OAT en este caso. Por lo cual, arguyó que, ante a falta

de reclamación plausible en contra de la OAT, procede desestimar la demanda contra tercero.

La parte recurrida no compareció para exponer su posición a pesar de la oportunidad concedida para así hacerlo.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[14] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de

---

[14] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

*certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[15]

**B.**

La Ley Núm. 45, *supra*, establece un sistema estatal de seguro compulsorio para todos los patronos con el fin de proveer diversas protecciones y beneficios para los obreros que sufren accidentes en su empleo. ***Carrasquillo Pérez et. al. v. CSM***, 214 DPR 1033, 1046 (2024). Este sistema está fundamentado en el precepto constitucional

---

[15] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

de que todo trabajador debe estar protegido contra riesgos a su salud en su lugar de empleo. Art. II, Sec. 16, **Const. ELA**, LPRA, Tomo I; *Méndez Ruíz v. Techno Plastics*, 2025 TSPR 68, 216 DPR __ (2025). Para llevar a cabo sus propósitos de asegurar al empleado una compensación justa y rápida por los daños sufridos como consecuencia de accidentes o enfermedades acaecidas en el desempeño de su trabajo, se creó la Corporación del Fondo del Seguro del Estado (CFSE) y la Comisión Industrial de Puerto Rico. *González v. Multiventas*, 165 DPR 873, 881 (2005).

Conforme al esquema de la CFSE, el patrono asume el riesgo de la lesión, entendiéndose que su responsabilidad es absoluta. *González v. Multiventas*, supra, pág. 881. El derecho del empleado a recibir una compensación de la CFSE surge independientemente de si medió o no negligencia suya o del patrono. *Carrasquillo Pérez et. al. v. CSM*, supra, pág. 1046. Es decir, el empleado que se acoge a la CFSE por un accidente del trabajo no tendrá que probar que hubo negligencia de parte del patrono como causa de la lesión o enfermedad, resultando inmaterial que el accidente haya ocurrido a consecuencia de la negligencia del patrono, de un tercero, o hasta del propio empleado. *González v. Multiventas*, supra, pág. 881. En estos casos, le corresponde a la CFSE asumir la responsabilidad de ofrecer tratamiento médico y compensar al obrero, según dispone la Ley Núm. 45, *supra*, sin derecho a reembolso alguno. *Sevilla v. Municipio Toa Alta,* 159 DPR 696, 690 (2003)

**A cambio de dicha aportación patronal compulsoria, la referida Ley le reconoce al patrono asegurado inmunidad contra acciones por daños y perjuicios de sus empleados**. *Arzuaga Monserrate v. Empresas Ortiz Brunet. Inc*., 211 DPR 803, 811 (2023); *SLG Ortiz Jiménez v. Rivera Núñez*, 194 DPR 936, 942 (2016) (Énfasis suplido). Esto no implica una defensa para el patrono sino la inexistencia de una causa de acción en daños y perjuicios en su contra

dada la exclusividad del remedio provisto por la Ley Núm. 45, *supra.* ***López Cotto v. Western Auto***, 171 DPR 185, 194 (2007).

Ahora bien, cuando la lesión, enfermedad o muerte del empleado sea imputable a un tercero, la ley <u>no</u> exime de responsabilidad a esta persona ajena a la relación patrono-obrero. ***Arzuaga Monserrate v. Empresas Ortiz Brunet. Inc*** 211 DPR 803, 811 (2023). Incluso, se reconoce una causa de acción en contra del tercero responsable bajo los principios de responsabilidad contractual. Íd. Para dicha acción independiente, la ley concede al lesionado o sus beneficiarios un término prescriptivo de un (1) año desde la fecha en que fuera firme y ejecutoria la resolución del caso por el Administrador del Fondo. Íd. En este sentido, la Ley Núm. 45, *supra,* no incide sobre la responsabilidad civil del causante del daño cuando este es ajeno a la relación obrero-patronal, sino que se adjudica independientemente del beneficio al que tenga derecho el obrero bajo la ley. Véase ***Díaz v. Transporte,*** 163 DPR 759, 766 (2005).

### C.

La Regla 10.2 de Procedimiento Civil, *supra,* permite que un demandado solicite del tribunal la desestimación de la demanda presentada en su contra, antes de contestar o por medio de la misma contestación a la demanda, bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. ***Blassino Alvarado v. Reyes Blassino***, 214 DPR 823, 833 (2024); ***Cobra Acquisitions v. Mun. Yabucoa et al.***, 210 DPR 384, 396 (2022).

El Tribunal Supremo de Puerto Rico ratificó en ***Costas Elena y otros v. Magic Sport y otros***, 213 DPR 523 (2024), las normas que rigen la desestimación de una demanda basada en el inciso 5 de la

Regla 10.2 de Procedimiento Civil, *supra*. Estas normas son las siguientes:

> (1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.
>
> (2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra*, el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.
>
> (3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra*, tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.
>
> (4) Toda duda debe resolverse a favor del demandante.
>
> (5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Íd.

La privación de un litigante de su día en corte sólo procede en casos extremos. Ahora bien, la desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas podrán ser probadas con el descubrimiento de prueba.

**IV.**

En este caso, la OAT nos solicitó que revoquemos la determinación del TPI mediante la cual se abstuvo de adjudicar la solicitud de desestimación de la *Demanda contra Terceros* hasta tanto resolver la controversia sobre la interpretación del contrato de arrendamiento entre la AEP y OAT. Con esto, ordenó la apertura de un descubrimiento de prueba enfocado en dicha controversia, dejando en suspenso el curso procesal del pleito original.

Para la parte peticionaria, la Ley 45, *supra*, y la jurisprudencia interpretativa son claras en decretar que la inmunidad patronal

establece la inexistencia de un reclamo, directo o indirecto, al patrono, sin que se cumplan con las excepciones que la propia ley contempla. Excepciones que alegó no están presentes en este caso. Arguyó, que los hechos alegados en la demanda original no crean una causa de acción contra la OAT dado que el demandante es empleado de la OAT y que, por ello, opera la inmunidad estatutaria que le provee la Ley Núm. 45, *supra*, como patrono asegurado.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que procede expedir el auto de *Certiorari* y revocar la *Resolución* recurrida que dejó en suspenso la solicitud de desestimación presentada por la OAT, al ser contraria a derecho.

En el caso de marras, el TPI estimó necesario incluir en el pleito a la OAT dado que existe un contrato de arrendamiento entre la AEP y OAT sobre el edificio del TPI de Arecibo en donde ocurrió la caída del señor Irizarry Domenech. El TPI determinó que existe una controversia sobre la intención de las partes, al pactar el arriendo del edificio, sobre la responsabilidad de mantenimiento y reparación de dichas facilidades.

Por su parte, la OAT alegó que está cobijada por la inmunidad absoluta que le confiere la Ley 45, *supra*, por su carácter de patrono estatutario con respecto al señor Irizarry Domenech. Esto, ya que el empleado acudió a la CFSE a recibir atención médica por razón de que el accidente ocurrió mientras se encontraba en funciones laborales. Además, nótese que el propio demandante reconoció en sus escritos que no tiene una causa de acción válida en contra de la OAT. Tampoco la tiene la AEP.

Como indicáramos precedentemente, a cambio de la aportación patronal, la Ley Núm. 45, *supra*, reconoce la inmunidad del patrono

contra los daños y perjuicios que le pudiera reclamar el empleado. ***Arzuaga Monserrate v. Empresas Ortiz Brunet, Inc.***, supra, pág. 811. Lo cual, significa la inexistencia de una causa de acción en daños y perjuicios en su contra, dada la exclusividad del remedio provisto por la Ley Núm. 45, supra. ***SLG Ortiz Jiménez v. Rivera Núñez***, supra, 942. Inclusive, la propia legislación le reconoce al empleado una causa de acción en contra del tercero responsable del daño bajo los principios de responsabilidad civil extracontractual. Íd. Así, pues, resulta palmario que a la parte peticionaria le cobija la inmunidad patronal que provee la Ley Núm. 45, *supra.* En este caso, el contrato de arrendamiento ni la intención de las partes con respecto al mismo incide en la protección que le cobija a la OAT como patrono asegurado.

En virtud de todo lo anterior, determinamos que la *Demanda contra Terceros* no expone una reclamación que justifique la concesión de un remedio a favor del señor Irizarry Domenech, para responder por lo que en su día pueda resultar negligente la AEP. Así, resolvemos que el foro primario incidió al no conceder la solicitud de desestimación incoada por la OAT. A base de los hechos alegados en la *Demanda* y *Demanda contra tercero*, procede desestimar la demanda contra tercero instada por la AEP contra la OAT.

**V.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la *Resolución* recurrida. En consecuencia, se ordena la desestimación de la *Demanda contra tercero* radicada por la AEP en contra de la OAT y devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones